12-58-cv
*Twenty-First Securities Corp. v. Crawford*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of November, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
DENNY CHIN,
*Circuit Judges,*
DAVID G. LARIMER,[*]
*District Judge.*

_____

Twenty-First Securities Corporation,

*Plaintiff-Appellant,*

v.                                          12-58-cv

Dr. Byron Crawford,

*Defendant-Appellee.*

_____

FOR APPELLANT:      Daniel Gildin, Kevin M. Shelley, Kaufmann Gildin Robbins & Oppenheim LLP, New York, NY.

FOR APPELLEE:       Robert A. Uhl, Aidikoff, Uhl & Bakhtiari, Beverly Hills, CA; Steven B. Caruso, Maddox Hargett & Caruso, P.C., New York, NY.

_____

[*] The Honorable David G. Larimer, of the United States District Court for the Western District of New York, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the memorandum and order of the United States District Court for the Southern District of New York is **AFFIRMED**.

Plaintiff-Appellant Twenty-First Securities Corp. ("Twenty-First") appeals from a memorandum and order of the United States District Court for the Southern District of New York (Pauley, *J.*), denying Twenty-First's motion to preliminarily enjoin a Financial Industry Regulatory Authority ("FINRA") arbitration proceeding filed by Defendant-Appellee Dr. Byron Crawford.  The arbitration arises from Crawford's investment, through his nominee Rahn & Bodmer, in the 1861 Capital Discovery Domestic Fund LP ("1861 Fund" or "Fund") based on advice from Twenty-First, a brokerage and investment firm.  The district court denied Twenty-First's motion for a preliminary injunction because it concluded, *inter alia*, that Crawford was Twenty-First's customer with respect to Crawford's investment in the 1861 Fund and, therefore, entitled to arbitration pursuant to FINRA Rule 12200.  The panel has reviewed the briefs and the record in this appeal and agrees unanimously that oral

2

argument is unnecessary because "the facts and legal arguments [have been] adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. App. P. 34(a)(2)(C). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

When reviewing a district court's denial of a preliminary injunction, we review the district court's findings of fact for clear error, its legal conclusions *de novo*, and its ultimate decision for abuse of discretion. Arbitrability is a question of law for the court to decide. *Wachovia Bank, Nat'l Ass'n v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 171 (2d Cir. 2011); *UBS Fin. Servs., Inc. v. W. Va. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation omitted).

To prevail on its motion for a preliminary injunction, Twenty-First was required to demonstrate, *inter alia*, a "likelihood of success on the merits," *i.e.,* that Crawford was not entitled to arbitrate his claims. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (internal quotation marks omitted). Where, as in this case, there is no written

3

agreement to arbitrate, a claim against a FINRA member is subject to mandatory arbitration only where arbitration is "requested by the customer." FINRA R. 12200. Here, the district court correctly concluded that Crawford was Twenty-First's "customer" with respect to his investment in the 1861 Fund. *See, e.g.*, *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 177 (2d Cir. 2003) (citing *Lehman Bros. Inc. v. Certified Reporting Co.*, 939 F. Supp. 1333 (N.D. Ill. 1996)).

We reject Twenty-First's contention to the contrary. The district court's finding was not clearly erroneous. Moreover, Twenty-First failed to present any evidence contradicting Crawford's showing that he was a customer. It is well settled that "the party opposing arbitration 'may not rest on a denial but must submit evidentiary facts showing that there is a dispute of fact to be tried.'" *D'Antuono v. Serv. Rd. Corp.*, 789 F. Supp. 2d 308, 319-20 (D. Conn. 2011) (quoting *Oppenheimer & Co., Inc. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir.1995)).

General principles of construction also weigh in favor of arbitrability here. This Court has held that when interpreting FINRA's arbitration rules, "'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Wachovia Bank*, 661 F.3d at 171 (quoting *Bensadoun*, 316 F.3d at 176).

4

We have considered Twenty-First's remaining arguments and, after a thorough review of the record, find them to be without merit.  Accordingly, the memorandum and order of the district court is hereby **AFFIRMED**.  In light of our decision, Crawford's motion to supplement the record is **DENIED** as moot.  The Public Investors Arbitration Bar Association's motion to file an amicus brief is **GRANTED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk